UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SUSAN SAUD, et al.,

    Plaintiffs,

v.

FORD MOTOR COMPANY,

    Defendant.

Case No. 1:23-cv-251

JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

Plaintiffs Susan Saud and Able[1] Saud seek this Court's permission to file various documents under seal. (Mot. to File Docs. Under Seal, Doc. 71). Specifically, the Sauds seek leave to file under seal four deposition transcripts and eighteen documents Ford produced in discovery (the documents).[2] (*Id*. at #2406–08). They say they intend to rely on those documents to "fully respond" to Defendant's Motion for Summary Judgment and Motions to Strike Plaintiffs' Expert Witnesses. (Docs. 67, 68, 69, 70).

---

[1] The Complaint lists the plaintiffs as Susan and "Able" Saud. (Doc. 1). More recent filings, however, list the plaintiff's name as "Abel" Saud. (*See e.g.,* Docs. 44, 71). The Court will use the spelling on the original filings (and thus on the docket) in this Opinion and Order.

[2] Here is the complete list: (1) deposition and deposition exhibits of Matthew Fyie, (2) deposition and deposition exhibits of Kenneth McHugh, (3) deposition of Matthew Fyie in *Davidson v. Ford Motor Co.*, (4) deposition of Matthew Fyie in *Syron v. Ford Motor Co.*, (5) Electric Park Brake presentation, (6) Vehicle Safety Council presentation, (7) Part System Current Status presentation, (8) AutoHold Use cases, (9) Shift-by-Wire briefing, (10) Lincoln Forn DNA – AutoHold, (11) Review of AutoHold Use Cases presentation, (12) Functional Safety Concept, (13) Email regarding driver presence detection improvement, (14) ABS Standstill Management, (15) Powertrain Calibration Controls – E Shift DNA, (16) Electric Park Brake summary, (17) C519 E-Shifter: Driver Presence Strategy, (18) EPB Tech Club emails re: VW Passat Benchmarking, (19) Driver Egress Strategy meeting notes, (20) Consumer Reports Rotary Shifter Feedback, (21) Standstill Management Discussion, and (22) RQT-070502-020419. (Doc. 71, #2406–08).

For the reasons below, the Court **GRANTS** the Motion to File Documents under Seal (Doc. 71).

## LAW AND ANALYSIS

### A. The Information at Issue here Warrants Sealing.

A district court's decision to seal court records is reviewed for an abuse of discretion. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016)). But when it comes to sealing, that "decision is not accorded the deference that standard normally brings." *Id.* So to avoid abusing its discretion, a district court must "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

A district court has an independent obligation, regardless of the parties' agreement, to determine whether sealing is warranted. *See Proctor* (sic) *& Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 WL 3537195, at *2 (S.D. Ohio Aug. 17, 2017) ("A movant's obligation to provide compelling reasons justifying the seal exists even if the parties agree the filings should be sealed, because litigants cannot waive the public's First Amendment and common law right of access to court filings." (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016))).

In response to a motion to seal, this Court must determine whether the movant overcomes the "strong presumption in favor of openness." *Brown & Williamson*, 710

F.2d at 1179. That's no easy task. To do so, the Court considers "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). The Sixth Circuit has repeatedly cautioned that "only the most compelling reasons can justify non-disclosure of judicial records." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 940 (6th Cir. 2019) (brackets and citation omitted). Further, any sealing order must be "narrowly tailored" to serve the reason asserted. *Shane Grp.*, 825 F.3d at 305. To meet this narrow-tailoring requirement, the movant must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

Relevant here, an interest in protecting sensitive business information and trade secrets whose disclosure could result in a competitive disadvantage can be sufficient to support sealing. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sep. 20, 2017) (recognizing an interest in sealing "confidential information that would otherwise allow competitors an inside look at a company's business strategies"); *Morris v. Tyson Chicken, Inc.*, No. 4:15-cv-77, 2020 WL 3442177, at *2 (W.D. Ky. June 23, 2020) (denying motion to unseal documents that contain "confidential business information that could harm [defendant's] competitive standing"); *Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-cv-82, 2017 WL 3220470, at *2 (W.D. Ky. July 28, 2017).

3

Here, Plaintiffs seek to seal various documents on which they intend to rely for their upcoming Response to Defendant's Motion for Summary Judgment and Responses to Defendant's Motions to Strike Plaintiffs' Expert Witnesses. (Doc. 71, #2406). While it is Plaintiffs who seek leave, they essentially seek sealing on Ford's behalf, as Ford "produced or designated [the documents] subject to the Stipulated Protective Order." (*Id.*). Then there is one more wrinkle to note up front. For the depositions of Matthew Fyie and Kenneth McHugh in this case—two of the documents that the motion for leave to file under seal covers—Ford already filed a redacted version. But Plaintiffs wish to place the unredacted versions before the Court, so they seek to file them under seal. (*Id.* at #2406–07).

Interestingly, while it is Plaintiffs who seek leave to file sealed documents, they do not offer any substantive arguments in support of that request beyond referencing the Stipulated Protective Order. (*Id.*). Perhaps recognizing that would not suffice, Ford provides the actual arguments in support of sealing in its Response to the Motion. (*See* Resp., Doc. 73).

To recap, under *Shane Group*, the Court must determine whether the asserted confidentiality and competitive interests are compelling, whether the interests served by sealing this information outweigh the value of public disclosure, and also whether the seal is narrowly tailored to protect those privacy interests.

Ford argues that sealing is appropriate here because Ford can satisfy the *Shane Group* standard. First, Ford says it has good cause and compelling reasons to seal because it has "legitimate interests in protecting its confidential and proprietary

4

business information and trade secrets." (*Id.* at #2413). If the unredacted documents are filed publicly, Ford argues it will be "substantially injured and competitively harmed." (*Id.*). Specifically, the documents contain confidential "vehicle design and development information" and "internal policies and processes." (*Id.* at #2417). Should competitors gain access to this proprietary information, Ford argues, its competitors would gain an unfair advantage because they could save costs, bring the new features to market first, and therefore gain extra sales and profits. (*Id.* at #2418–19). Furthermore, Ford only requests portions of the documents be sealed, not the document in full. (*Id.* at #2421; Fyie Decl., Doc. 73-2, #2445–53 (listing specific confidential portions for each document)). Therefore, the public would still have access to sufficient materials to understand the basis of the Court's decision, and the sealing would be narrowly tailored. (Doc. 73, #2421–22).

The Court finds this is one of the rare instances that meets *Shane Group*'s demanding burden. True, Plaintiffs' claimed interest—that the documents were designated as confidential under the Stipulated Protective Order—is not compelling. Indeed, the Protective Order itself expressly states that designation under that Order does not justify filing anything under seal. (*See* Doc. 23, #88–89). But, while the Sauds fall short in justifying sealing, Ford has provided a compelling interest. Based on Ford's Response, the Court concludes that portions of the documents contain confidential business information and trade secrets, disclosure of which would create a competitive disadvantage for Ford. The automotive industry is a highly competitive industry where "being first to market with a new concept or new features" creates a

5

"distinct competitive advantage." (Doc. 73, #2419). And the Court has no reason to doubt Ford's assertion that the documents at issue contain unique "design, development, and testing methodologies." (*Id.* at #2418). Moreover, the information at issue is sufficiently specific and detailed such that its disclosure could harm their competitive standing. (*See id.* at #2416–20). In short, Ford has identified a compelling interest that supports sealing. *See Valco Cincinnati, Inc. v. N & D Machining Serv., Inc.,* 492 N.E.2d 814, 819 (Ohio 1986) (holding that company possessed protectable trade secrets because "materials and manufacturing processes were unique … [and] developed only after a great deal of experimentation, testing, and field experience"); *Exec. Jet Mgmt., Inc. v. Longbow Enter.*, No. 1:21-cv-74, 2021 WL 4952705, at *1 (S.D. Ohio Apr. 1, 2021) (collecting cases).

Of course, a compelling interest is only half the story; on the other side sits the public interest in disclosure. *Shane Group* articulates several reasons why the public might have an interest in an open review of a court's docket materials. For example, a public docket ensures the public's right to guard against corruption and the public's right to be on notice about what does and what does not violate the law. *Shane Grp.*, 825 F.3d at 305. Likewise, the public may have a legitimate interest in knowing the basis for the Court's decision in a given case. *See Brown & Williamson*, 710 F.2d at 1180–81. This factor is a closer call than the compelling-interest factor. The underlying claims here concern manufacturing defects and design defects. (Compl., Doc. 1, #2–4). Information about Ford's design process and development could be relevant to how the Court ends up deciding the design defect claim. Ford says that

6

any impact on the public, though, is limited, as the documents are so technical that "they would be difficult to understand and of no practical significance to the general public." (Doc. 73, #2420). Rather, it is only Ford's competitors who would benefit—and in an illicit and unwarranted manner. (*Id.*).

The Court largely agrees with Ford. That is, the Court finds that publicly filing redacted versions of the documents will provide the public a sufficient understanding of the parties' arguments and the Court's ultimate decision, and will do so in a manner that protects Ford's trade secrets. *See London Comput. Sys., Inc. v. Zillow, Inc.*, No. 1:18-cv-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) (finding that the "public will not need to view the parties' highly confidential business information to understand the events giving rise to this dispute, or the arguments made").

Finally, turn to the narrow-tailoring requirement. Here, Plaintiffs request the documents be filed under seal in full. (Doc. 71, #2406–08). That approach is rarely consistent with narrow tailoring. But, again, Ford helpfully bridges the gap—listing each of the documents, specifying the confidential portions of each, and stating the basis for that claim of confidentiality. (Doc. 73-2, #2445–53). Filing redacted copies on the Court's docket, as opposed to sealing in full, satisfies the narrow-tailoring requirement here. *See Exec. Jet Mgmt*, 2021 WL 4952705, at *2. Therefore, the parties (admittedly, mostly Ford) met their burden to justify sealing the documents under *Shane Group*.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion to File Documents under Seal (Doc. 71). The documents listed in Plaintiffs' Motion may be filed with the Court under seal in their unredacted form. The redacted version of each document, as described by Ford, (Doc. 73-2, #2445–53), shall be filed on the public docket.

**SO ORDERED.**

September 9, 2025
 **DATE**                                                      **DOUGLAS R. COLE**
                                                               **UNITED STATES DISTRICT JUDGE**

8